IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DAVID LEE MAYO, #241 618            *

    Plaintiff,            *

      v.            *            2:11-CV-392-ID
                                (WO)
ROBERT BENTLEY, *et al*.,            *

    Defendants.            *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff was directed to file an amended complaint by order entered May 27, 2011. The order directed Plaintiff to identify specific claims relative to actions taken against him by those persons named as defendants and list these claims in separate counts, describe with clarity those factual allegations that are material to each specific count against the named defendants, and describe how the named defendants violated *his* constitutional rights. The order further informed Plaintiff that the amended complaint filed in compliance with the May 27 order would supersede the original complaint. (*See Doc. No. 4*.)

In his amended complaint filed June 24, 2011, with the exception of former Commissioner Richard Allen and Steven Walker, Plaintiff names the same defendants listed in his original complaint and names four additional defendants. The amended complaint against the current ten-named defendants, however, still consists merely of general conclusions of constitutional violations and fails, for the most part, to identify factual

allegations material to specific counts lodged against the named defendants with respect to any violations of Plaintiff's constitutional rights.

## I. DISCUSSION

Plaintiff is advised that when filing a complaint, it is his responsibility to identify those persons whom he contends are responsible for alleged violations of his constitutional rights and to provide the information as specifically outlined in the court's May 27 order. At this stage of the proceedings, it is Plaintiff's responsibility to be able to articulate the grounds on which he bases his allegation that his constitutional rights have been violated and to be able to identify with some degree of certainty those persons whom he maintains caused the alleged violations of his constitutional rights and how such persons' conduct and/or actions caused such violations. It is not enough to simply state that all the named defendants violated his constitutional rights without providing information which is specific enough to put each defendant on notice of how their conduct allegedly violated Plaintiffs' constitutional rights.

Based on the foregoing, and in light of the allegations contained in the June 24 amended complaint, the court concludes that, with the exception of Defendants Askew, Anglin, and Hetzel, the amended complaint against the remaining named defendants is due to be dismissed because other than naming the remaining defendants in the caption of his amended complaint, Plaintiff makes no specific allegations against them nor does he indicate that they were personally involved in the constitutional violations about which he complains.

*See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) *(per curiam)* (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption). *See also Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing."). Accordingly, the court finds that Plaintiff's amended complaint against Defendants Mosley, Boyd, Sconyers, Babers, Bentley, and Thomas is due to be dismissed and these individuals shall be dismissed as parties to the complaint.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's amended complaint against Defendants Mosley, Boyd, Sconyers, Babers, Bentley, and Thomas be DISMISSED without prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii);

2.  Defendants Mosley, Boyd, Sconyers, Babers, Bentley, and Thomas be

DISMISSED as parties to the complaint, as amended; and

3. This case with respect to the remaining defendants be REFERRED back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 21, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 7th day of July 2011.

                                      /s/ Susan Russ Walker
                                      SUSAN RUSS WALKER
                                      CHIEF UNITED STATES MAGISTRATE JUDGE