IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| DAVID LEE MAYO, #241 618 | * | |
| Plaintiff, | * | |
| v. | * | 2:11-CV-392-MEF |
| | | (WO) |
| ROBERT BENTLEY, *et al.*, | * | |
| Defendants. | * | |

_____

**ORDER ON MOTION**

Pending before the court is Plaintiff's third request for appointment of counsel. Attached to Plaintiff's motion is a copy of a neuropsychological consultation performed on Plaintiff in January 2005 at the request of his attorney for purposes of evaluating his cognitive function and abilities in regard to Plaintiff's upcoming criminal trial. (*Doc. No. 33, Attachment*.) Plaintiff maintains that the neuropsychological examination reflects that he is borderline mentally ill. (*Id*.) He further states that the inmate assisting him in this matter has been transferred, he cannot afford to hire an attorney, and he cannot adequately articulate the facts of his case on his own. (*Id*.)

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 1983. "The appointment of counsel is instead a privilege that is justified only by exceptional circumstances. . ." *Poole v. Lambert,* 819 F.2d 1025, 1028 (11th Cir. 1987). "[W]hether such circumstances exist is . . . committed to district court

discretion." *Steele v. Shah,* 87 F.3d 1266, 1271 (11th Cir. 1996). Exceptional circumstances exist "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Poole,* 819 F.2d at 1028.

The court has carefully reviewed Plaintiff's request for appointment of counsel and the report of Plaintiff's 2005 neuropsychological report attached thereto. From that review, the court concludes that Plaintiff has not sufficiently demonstrated any impairment such that he is unable to present the essential merits of his position in this matter to the court. *See Kilgo*, 983 F.2d at 193. *See e.g., Warren v. Harrison,* 244 Fed. Appx. 831, 832 (9th Cir. 2007) (holding that an inmate plaintiff who had alleged mental illness did not qualify for appointment of counsel because he competently presented his claims and attached three pertinent exhibits). Moreover, the instant action does not present any novel or complex issues of fact or law so as to require the appointment of counsel. *See Dean v. Barber,* 951 F.2d 1210, 1216 (11th Cir. 1992) ("We cannot say the issues in this case are so novel or complex that the district court abused its discretion in declining to appoint counsel.").

In light of the foregoing, it is

ORDERED that the renewed motion for appointment of counsel (*Doc. No. 33*) be and is hereby DENIED.

DONE, this 26th day of August 2011.

    /s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE